## WOODWARD v. GOULD.[1]

*(Circuit Court, E. D. Missouri. March 24, 1886.)*

1. ASSUMPSIT—PLEADING—PRESUMPTION AS TO WHETHER CONTRACT SUED ON IS ORAL OR WRITTEN.
    Where, in a suit for breach of contract, the petition fails to state whether the contract was oral or written, and no contract is filed, it will be presumed to have been oral.
2. SAME—WHAT PETITION SHOULD STATE.
    In a suit for breach of contract the petition should state clearly what was to be done, agreed what has been done, and what has been omitted.

At Law. Suit for damages for breach of contract. Motion to make petition more definite and certain.

The petition states, in substance, that on January 7, 1882, the defendant and plaintiff entered into an agreement, whereby the latter agreed to organize, and aid in the organization of, "a railroad company to construct and operate a railroad between the town of Pacific, in this state, and the city of St. Louis," and to act as secretary of

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

said company for a period of three years from its organization, at a salary of $5,000 per annum; and that he also agreed to impart "certain information of law and fact affecting the charter rights and privileges of a certain railroad company, named in said undertaking," of which he was possessed; that in consideration of the premises the defendant agreed to advance all money which it should be necessary to expend in locating said road, and organizing said company, and to allow plaintiff for his services 45 per cent. of the capital stock of the company when organized, and not to use said information for any purpose if the contract were not carried out. The petition further states that the plaintiff imparted said information as he had agreed to, and in conformity with the agreement took necessary steps to the organization of said company, and performed labor and services necessary to the location of the proposed line of said road, the expenses of which were defrayed by defendant, and was ready to perform his part of said agreement; but that the defendant refused to carry out or perform the agreement, and has ever since refused to carry it out, and in violation of said agreement has made use of said information.

*Krum & Jonas,* for plaintiff.

*Thos. J. Portis* and *Bennett Pike,* for defendant.

TREAT, J. As to the first and second points, it suffices that if the alleged contract was in writing, not averred, and contract filed, the statute provides for the result. It must be taken for granted that the contract was oral. The contract is not clearly stated as to the road or enterprise, or what was done or omitted to be done. Motion sustained.